```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

LUIS ALBERTO MARTINEZ,

    Petitioner,

v.                              Case No: 2:23-cv-1193-JES-NPM

WARDEN, CHARLOTTE
CORRECTIONAL INSTITUTION,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Luis Alberto Martinez's Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241(c)(3) (Doc. #1). The State of Washington convicted Martinez of first-degree murder and second-degree assault in 2006. Martinez is now imprisoned in the Florida Department of Corrections under an interstate compact. Martinez argues his imprisonment violates his constitutional rights because the state trial court in Washington used an improper jury instruction.

Martinez filed his first federal habeas petition in the Western District of Washington in 2009—that case is styled *Luis Alberto Ulloa Martinez v. Steve Sinclair*, No. 2:09-cv-456-RSM. The Washington court denied habeas relief, and the Ninth Circuit Court of Appeals declined to issue a certificate of appealability.

The Western District of Washington has since rejected at least two more collateral attacks on Martinez's conviction and sentence.

Although Martinez purports to bring this habeas action under § 2241, he is still bound by the procedural requirements and restrictions that apply to § 2254 petitions. There is only one federal habeas remedy for those imprisoned pursuant to a state court judgment, and it is governed by both § 2241 and § 2254. Peoples v. Chatman, 393 F.3d 1352 (11th Cir. 2004). Restrictions on untimely and successive § 2254 petitions thus apply here. Martinez's Petition runs afoul of both.

"Congress proscribes that a state prisoner only has one opportunity for federal habeas review; a second petition will be denied as successive." Faison v. Sec'y, Fla. Dep't of Corr., 806 F. App'x 938, 938-39 (11th Cir. 2020). Before filing a second or successive habeas petition, a petitioner must get authorization from the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A). Absent such an authorization, the district court has no jurisdiction to entertain a second or successive habeas motion. Burton v. Stewart, 549 U.S. 147, 157 (2007). Martinez's Petition is successive, and no court of appeals has authorized this Court to consider it.

Second, the Petition is untimely. 28 U.S.C. § 2244 sets a one-year period of limitation on the filing of a habeas petition

by a person in state custody. It is clear from the face of the Petition and the records in Martinez's prior habeas actions that the limitations period expired more than a decade ago.

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (*quoting* Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Martinez has not made the requisite showing here and may not have a certificate of appealability.

Accordingly, it is hereby

**ORDERED:**

Petitioner Luis Alberto Martinez's Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241(c)(3) (Doc. #1) is **DISMISSED.**

The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record